■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HENRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 9, 1982, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant asserts that the court erroneously denied his challenge of a prospective juror for cause. The challenge at issue here occurred after defendant had exhausted his peremptory challenges to the regular jury, 11 veniremen had

already been selected, and a new panel of 12 prospective jurors was being examined for the purpose of selecting the last regular juror and two alternates. After questioning by the court and counsel, the court entertained challenges for cause as to the entire panel of prospective jurors. Defendant's challenge for cause at issue here concerned the third prospective juror, whose wife and daughter had been victims of purse and chain snatchings. After it was denied by the court, the first prospective juror was dismissed on the People's peremptory challenge and the second venireman was seated, thereby completing the regular trial jury. Defendant then exercised a peremptory challenge to the juror at issue here as an alternate and the two alternates were selected without further challenge by defendant, leaving defendant with three unused peremptory challenges as to alternates. None of the alternates deliberated.

Under the above facts, the denial of defendant's challenge for cause is not a cognizable issue insofar as selection of the regular jury is concerned. Thus, we need not reach the merits of the court's ruling on defendant's challenge as the regular panel was completely selected and the challenged juror was never actually considered for service upon the regular jury.

Nor do we believe the court abused its discretion in imposing the maximum authorized sentence upon this defendant *(see, e.g., People v Suitte,* 90 AD2d 80). The sentence record reveals that the court considered all the relevant circumstances, including defendant's admission, during the sentencing hearing, that his testimony at trial was perjurious, and imposed an appropriate sentence. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.